# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RICHARD J. BOEHNING, | DOCKET NUMBER |
| Appellant, | DA-4324-16-0126-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: January 25, 2023 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard J. Boehning, Tomball, Texas, pro se.

Katherine Bolton, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed as settled his appeal alleging that the agency violated his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA).  For the reasons set

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown for the delay.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2          The appellant, a GS-13 Special Agent in the Houston office of the agency's Bureau of Alcohol, Tobacco, and Firearms, alleged that the agency violated his rights under USERRA when it denied him the assignment of his former Government-owned vehicle, singled him out for an undesirable work detail, and allegedly took improper actions regarding his performance rating after he returned from uniformed service.  Initial Appeal File (IAF), Tabs 2, 8, 13, 16. The administrative judge found that the appellant established jurisdiction over the appeal.  IAF, Tab 16.  The parties subsequently entered into a settlement agreement.  IAF, Tab 15.  They submitted their agreement to the Board for enforcement purposes, and the administrative judge found that the agreement appeared lawful on its face, the parties had freely entered into it, and they understood its terms.  IAF, Tab 17, Initial Decision (ID).  On January 28, 2016, the administrative judge issued an initial decision dismissing the appeal as settled.  *Id.*; *see* 5 C.F.R. § 1201.41(c)(2).

¶3          On November 16, 2016, the appellant filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The Clerk of the Board informed the appellant that his petition for review was untimely filed because it was not filed on or before March 3, 2016.  PFR File, Tab 2 at 2.  The Clerk also notified the appellant that he must file a motion, signed under penalty of perjury, or an affidavit showing either that his petition was timely filed or that good cause existed to waive the filing deadline.  *Id.*  On December 16, 2016, the appellant filed a motion to waive or set aside the time limit for good cause.  PFR File, Tab 5.  The agency responds in opposition, and the appellant provides a reply to the agency's response.  PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        A petition for review must be filed within 35 days after the date of issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). The Board issued the initial decision in this appeal on January 28, 2016. ID at 1. The appellant does not contend that he received the initial decision more than 5 days after its issuance, so his petition for review needed to be filed within 35 days of the issuance of the initial decision, i.e., on or before March 3, 2016. 5 C.F.R. § 1201.114(e). The appellant's petition for review is postmarked November 19, 2016, making it over 8 months late. PFR File, Tab 1. The date of a filing submitted by mail is determined by the postmark date. 5 C.F.R. § 1201.4(*l*).

¶5        In his motion on the timeliness issue, the appellant asserts that his representative reneged on their side agreement for him to pay the appellant $1,000.00 out of the amount of attorney fees paid under the settlement agreement. PFR File, Tab 5 at 5. He also asserts that he filed a March 31, 2016 complaint with the Tennessee Board of Professional Responsibility (TBPR), alleging that his representative engaged in unethical conduct and that he may have been suspended from the practice of law while representing him. *Id.* The appellant argues that he did not timely file his petition for review because the TBPR did not complete its investigation of his representative until November 14, 2016, which confirmed that his representative was suspended from practicing law while representing him. *Id.* He claims that he immediately thereafter contacted the Board's regional office, as well as the agency's representative, to learn what options were available to have the case reviewed. *Id.* at 6-7. He filed his petition for review by mail 5 days later. PFR File, Tab 1.

¶6        The Board will waive the time limit for filing a petition for review only on a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that he exercised

due diligence or ordinary prudence under the particular circumstances of the case. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition for review. *Gaetos*, 121 M.S.P.R. 201, ¶ 5; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        As noted above, the appellant's petition for review is untimely filed by over 8 months, which is a significant delay. *See Terrell v. U.S. Postal Service*, 114 M.S.P.R. 38, ¶ 9 (2010) (finding that a 42-day delay is significant); *Summers v. U.S. Postal Service*, 87 M.S.P.R. 403, ¶¶ 6, 12 (2000) (finding that a delay of nearly 1 month and a delay of 15 days are significant), *aff'd*, 25 F. App'x 827 (Fed. Cir. 2001) (Table). Moreover, the appellant's arguments that his representative breached their side agreement and was suspended from the practice of law while representing him do not establish good cause for his untimely filing because the appellant is responsible for the errors of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Further, the appellant's assertions that his representative misrepresented his status as an attorney and failed to file a response to the agency file below, while unfortunate, do not establish good cause for his delay in filing. PFR File, Tab 7 at 5; *see Hatcher v. U.S. Postal Service*, 27 M.S.P.R. 471, 472 (1985) (finding that the appellant's assertion that his former representative misrepresented himself as an attorney and had provided untimely, ineffective, and incompetent representation did not show good cause for the Board to waive its regulatory deadline for filing a petition for review).

¶8        Finally, we find that the appellant acted in a less than diligent manner when, after having learned in March 2016 that his representative may have been suspended from the practice of law, he nevertheless waited until the following November to file his petition for review.  PFR File, Tab 1, Tab 5 at 5; *see Alonzo*, 4 M.S.P.R. at 184.  Indeed, even if the appellant could establish that his otherwise diligent efforts to prosecute his appeal were thwarted by the negligence or malfeasance of his representative, it would not excuse the over 8 months that he allowed to elapse after he first learned of his representative's alleged misconduct and the time he filed his petition.[2]  *E.g.*, *Williams v. Department of Defense*, 83 M.S.P.R. 519, ¶ 9 (1999), *aff'd*, 243 F.3d 567 (Fed. Cir. 2000) (Table).

¶9        Accordingly, we dismiss the petition for review as untimely filed without good cause shown for the delay.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the dismissal of the appeal as settled.

---

[2] The appellant also has filed a motion for leave to submit newly acquired evidence. PFR File, Tab 8.  Pleadings allowed on review include a petition for review, a cross petition for review, a response to a petition for review, and a reply to a response to a petition for review.  5 C.F.R. § 1201.114(a).  No other pleadings will be accepted unless the party files a motion with and obtains leave from the Clerk of the Board. 5 C.F.R. § 1201.114(a)(5).  Such a motion must describe the nature of and need for the pleading.  *Id*.  In his motion, the appellant proposes to submit new evidence reflecting that the TBPR disbarred his representative on June 16, 2017.  PFR File, Tab 8 at 4. Considering our finding herein that the appellant acted in less than a diligent manner by waiting 8 months after he learned of his representative's alleged misconduct to file his petition for review, we deny the appellant's motion.  The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant a different outcome.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

**NOTICE OF APPEAL RIGHTS[3]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.